## New York Life Insurance Company, v. Margaret E. Andrews, individually and as administratrix, Appellant, v. Dorothy Golden et al., Appellees.

## Gen. No. 15,991.

INSURANCE—*what fraud essential to be shown in order to establish that change of beneficiary was effected thereby.*    Such fraud or undue influence must be shown as to have practically deprived the deceased of her free agency, and be particularly directed toward securing the desired and accomplished result.    Such proof should be reasonably clear and convincing.    It is not enough that it justify a suspicion, conjecture or possibility.

New York Life Ins. Co. v. Andrews, 167 Ill. App. 182.

Bill of interpleader.    Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding.    Heard in the Branch Appellate court at the October term, 1909.    Affirmed.    Opinion filed February 6, 1912.

J. H. WESTOVER and ERIC WINTERS, for appellant.

FRANK W. SWETT, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This is an appeal from a decree rendered by the Superior Court of Cook county upon a bill of interpleader filed by the New York Life Insurance Company, complainant, against Margaret E. Andrews individually and as administratrix of the estate of Ella H. Blumberg, deceased, appellant, and Dorothy Golden, a minor, and Mary M. Bartelme, her guardian, appellee, both appellant and appellee claiming to be entitled to the proceeds of a life insurance policy for $5000.

Upon getting the parties into court, the Company was allowed to pay into the hands of the clerk of the court the sum of $4866.30, the proceeds of the policy of insurance issued by it upon the life of Ella H. Blumberg, deceased, and the court proceeded to hear the controversy as to whether this sum rightfully belonged to appellant or to appellee.

The real controversy, therefore, is between Margaret E. Andrews, as heir and administratrix of the estate of Ella H. Blumberg, deceased, and Dorothy Golden, who was named as beneficiary in the policy.

It appears that the policy of insurance in question was issued by the Company to Ella H. Blumberg on January 14, 1908, to take effect as of December 15, 1907; that, as originally prepared, it was payable to "the executors, administrators and assigns of the insured, or to the duly designated beneficiary, with right of revocation;" that, on February 2, 1908, the de-

ceased requested the Company to change the beneficiary mentioned in the policy, and to make it payable to the defendant, Dorothy Golden, a minor daughter of William Golden; that Ella H. Blumberg died on July 15, 1908, with the policy in full force.

On behalf of Margaret E. Andrews, as heir and administratrix of the estate of Ella H. Blumberg, deceased, it was contended that William Golden, father of Dorothy Golden, had, some time prior to the commencement of the suit, and when the deceased was about seventeen years of age, seduced and debauched her, and continued to have unlawful sexual relations with her thereafter, with more or less frequency until her death; that, being about fifteen years older than she, said Golden exercised a malign influence over her, and that she became more and more under his control, until she was incapable of acting contrary to his will, and was in this mental condition at the time the alleged change of beneficiary was made in the policy of insurance.    It is expressly charged that William Golden entered into a scheme to profit by his improper relations with the deceased, and to cheat and defraud Margaret E. Andrews and other heirs of the deceased out of the proceeds of the policy, and that the Insurance Company was deceived and fraudulently induced to make Dorothy Golden the beneficiary of said policy through his influence.

Upon the issues being made up, the cause was heard before one of the chancellors of the Superior Court, and Mrs. Theresa Lewis, Mrs. H. S. Williams, Thomas W. Golden, Mrs. Elsie Gilchrist Christie, Mrs. Elenora Heidelman, Mrs. Margaret E. Andrews, Henry Davidson, Mrs. Matilda Northhausen, Mrs. F. Youngblood, Mrs. William E. Golden, Curtis Shipley and Lena Landmar, twelve witnesses, severally testified on behalf of Mrs. Margaret E. Andrews; and Albert McArthur, O. W. Green and William S. Vallette (all employed by the Insurance Company) severally testified

on behalf of Dorothy Golden, the minor, and Mary M. Bartelme, guardian. The court entered a decree in favor of Dorothy Golden, and in its decree found, among other things, that on or about the 14th day of January, 1908, the Insurance Company issued its policy upon the life of Ella H. Blumberg for $5000.00, payable to ''the executors, administrators and assigns of the insured, or to the duly designated beneficiary, with right of revocation;'' and that thereafter, while the policy was in full force and effect on the 2nd day of February, 1908, the insured made regular request to change the beneficiary to Dorothy Golden; that such change of beneficiary was duly and regularly made as provided by the contract of insurance, and that the deceased signed the application therefor, and caused the change to be made, acting as a free agent, and while of sound mind and memory, and without any undue influence having been exercised upon her for the procurement of the same by William E. Golden, or by any person or persons whomsoever.

Appellant brings the case here, and assigns as errors that the court below admitted improper evidence on the part of appellees, and rejected proper evidence offered on the part of appellant, and that the court below erred in rendering a decree in favor of appellees and against appellant.

After a careful consideration of the matter, we do not think appellant has been denied any substantial right by the rulings of the court below with respect to the admission of testimony. Nor do we think the evidence in the case warranted any different conclusion than that reached by the learned chancellor. The controversy in this case is essentially one where appellant claims that the alleged change in beneficiary in the policy was induced by the fraud or undue influence of Golden. To sustain that contention, the fraud or undue influence must be shown to be such as to practically deprive deceased of her free agency, and be par-

ticularly directed toward securing the desired and accomplished result.     Larabee v. Larabee, 240 Ill. 576; Riordan v. Murray, 249 id. 517.

Moreover, such proof should be reasonably clear and convincing. It is not enough that it justify a suspicion, conjecture or possibility.     Beyer v. LeFevre, 186 U. S. 114; Cudney v. Cudney, 68 N. Y. 148.

"Unlawful cohabitation of the legatee and testator is not of itself sufficient evidence from which a jury could infer undue influence.     It is true, if there are other facts, unlawful cohabitation may be a circumstance of weight.     It is well established that undue influence, however used, must, in order to avoid a will, destroy the free agency of the testator at the time and in the very act of making the testament." Trost v. Dingler, 118 Pa. 259.

From the record in this case, we think it clear that in procuring insurance upon her life,—and in not accepting the policy when it was tendered to her, on the 2nd of February, 1908, until it should be made payable to Dorothy Golden, deceased was carrying out her own purposes, and was not in any manner or to any extent coerced or influenced thereto by William Golden.     Indeed, it does not appear that he knew anything about it, and it clearly appeared that he was not present when the insurance was solicited by Mr. Davidson, nor when she saw Dr. Greene, or Mr. McArthur, when she was examined, nor when she called at the office of the Insurance Company (by which all these three men were employed), to get the policy on the 2nd of February, 1908, at which time she specifically gave directions to make it payable to Dorothy Golden.     The conduct of William Golden, himself a man of family, in sustaining illicit relations with the deceased, was most reprehensible, but we cannot find from this record that he exercised any such influence or control over her as to invalidate her action in desig-

nating Dorothy Golden as beneficiary of the life insurance.

The action of the court below was without substantial error, and its decree will be affirmed.

*Decree affirmed.*